UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN TASSINARI,

Plaintiff,

v. Case No.: 2:26-cv-1828-SPC-KRH

RIVERSOURCE LIFE INSURANCE COMPANY,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant RiverSource Life Insurance Company's, formerly known as IDS Life Insurance Company,[1] Motion to Dismiss Counts II, III, and V of Plaintiff's Complaint. (Doc. 13). Plaintiff Brian Tassinari responded in opposition. (Doc. 14). For the following reasons, the motion is granted.

**Background**[2]

Plaintiff worked as a residential concierge and contractor, providing construction, management, and handyman services in Florida. He obtained a

---

[1] The Complaint filed in state court names IDS Life Insurance Company and RiverSource Life Insurance Company as defendants. It appears as though they are now one entity. Any amended pleading must reflect the updated status of the defendants.

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Disability Income Insurance Policy ("Policy") from Defendant around 2004. It contained an exclusion related to Plaintiff's history of back problems.

Around 2020, Plaintiff began experiencing severe pain in his back, groin, and hips, which impaired his ability to work. In November 2023, imaging revealed severe bilateral hip osteoarthritis, and in October 2024, he underwent total right hip replacement surgery. As a result, his doctor advised that he should not work from October 2024 through January 2025. A few months later, Plaintiff underwent total left hip replacement surgery. Once again, his doctor advised that he should not work until late April 2025.

Plaintiff alleges that beginning in 2019, his earnings declined because of his condition. Around April 2023, he submitted a claim for disability benefits under the Policy. However, Defendant failed to process the claim and "embarked on a pattern of requesting additional documentation, making contradictory demands, and ultimately refusing to pay benefits." (Doc. 2 ¶ 36). After much back and forth about medical records, among other things, in December 2024, Defendant sent Plaintiff a denial letter.

In June 2026, Defendant removed this case under the Court's diversity jurisdiction. (Doc. 1). Plaintiff brings numerous claims against Defendant, including breach of contract (count 1); breach of implied covenant of good faith and fair dealing (count 2); violation of Florida Unfair Insurance Trade Practices Act ("Act"), Fla Stat. § 626.9541 (count 3); declaratory judgment

(count 4); and unjust enrichment (count 5).

## Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id*. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678.

## Analysis

Defendant moves to dismiss three claims: breach of implied covenant of good faith and fair dealing (count 2); violation of the Act (count 3); and unjust enrichment (count 5). For these reasons, the Court grants the motion.

First, Plaintiff concedes that he cannot maintain count 2 because breach of the implied covenant of good faith and fair dealing is not an independent cause of action in the insurance context under Florida law. (Doc. 14 at 1–2, 5). Thus, the Court dismisses count 2 with prejudice.

Next, Defendant argues that a claim for violation of the Act is not ripe until: (1) a determination of the insurer's liability coverage has been made; (2)

a determination of the extent of the insured's damages has been made; and (3) the required notice is filed with Florida's Department of Financial Services. Fla. Stat. § 624.155(3)(a); *Demase v. State Farm Fla. Ins. Co.*, 239 So. 3d 218, 221 (Fla. Dist. Ct. App. 2018). (Doc. 13 at 6). In response, Plaintiff "acknowledges that the complaint, as currently drafted, does not expressly allege compliance with each of these conditions' precedent." (Doc. 14 at 6). Accordingly, the Court dismisses count 3 without prejudice.

Finally, Defendant asks the Court to dismiss the unjust enrichment claim (count 5), arguing that unjust enrichment is unavailable because there is no dispute that a valid contract exists. (Doc. 13 at 7). Defendant is correct.

"It is well-settled that a plaintiff cannot pursue an unjust enrichment claim if a valid contract exists." *Grilo v. Reclaimed Woods of the World, Inc.*, No. 2:24-CV-1113-KCD-NPM, 2026 WL 982774, at *3 (M.D. Fla. Apr. 13, 2026) (citing *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("[U]njust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid."); *Ferretti v. Nova Se. Univ., Inc.*, 604 F. Supp. 3d 1330, 1338 (S.D. Fla. 2022) ("[A] party may recover under an unjust enrichment theory only when there is no valid express or implied-in-fact contract."); *cf. Baron v. Osman*, 39 So. 3d 449, 451 (Fla. Dist. Ct. App. 2010) ("If no express or implied-in-fact contract exists, a party may

recover under quasi-contract. . . . which is synonymous with unjust enrichment[.]”)). Since the parties agree a valid contract exists, Plaintiff’s unjust enrichment claim must be excluded—he cannot recover the same damages twice. *Id.*; *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. Dist. Ct. App. 2022); *Shamy v. Shovel Ready Projects, LLC*, No. 4D2024-2411, 2026 WL 816141, at *2 (Fla. Dist. Ct. App. Mar. 25, 2026) (“A party cannot pursue an implied contract theory, such as unjust enrichment, if an express contract exists concerning the same subject matter.”); *Scott v. Acuity Real Est. Servs., LLC*, 359 So. 3d 881 (Fla. Dist. Ct. App. 2023) (“Because [appellee] proved the existence of a contract with [appellant] for the fee, we reverse to the extent the trial court also found [appellant] liable on an unjust-enrichment theory.”).

Plaintiff attempts to save his unjust enrichment claim by arguing that the parties disagree about whether the Policy’s waiver of premium provision applies to the premium payments at issue. (Doc. 14 at 10). But his argument misses the mark. The parties agree that the Policy exists, is valid, and is enforceable. And Plaintiff alleges that the Policy dictates when his premiums should be waived during periods of disability. (Doc. 2 ¶ 86 (“Plaintiff conferred a benefit upon Defendants by paying premiums *under the Policy* . . . including premiums that Plaintiffs was overcharged and premiums [that] should have been waived”) (emphasis added)). Simply because they disagree as to whether

Defendant owes Plaintiff reimbursement of premiums does not mean the Policy does not apply to the claim. Accordingly, Plaintiff's argument does not salvage the unjust enrichment claim, which the Court dismisses with prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant RiverSource Life Insurance Company's Motion to Dismiss Counts II, III, and V of Plaintiff's Complaint (Doc. 13) is **GRANTED**. Counts II and V are **DISMISSED with prejudice**; Count III is **DISMISSED without prejudice**.
2. Plaintiff shall file an amended complaint by **September 4, 2026**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record